## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **PROMPT MEDICAL SYSTEMS, L.P.,** | § | |
| **a Texas Limited Partnership,** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **CIVIL ACTION NO.  _____** |
| **vs.** | § | |
| | § | |
| **ALLSCRIPTSMISYS HEALTHCARE** | § | **JURY TRIAL DEMANDED** |
| **SOLUTIONS, INC.; ATHENAHEALTH,** | § | |
| **INC.; CERNER CORPORATION;** | § | |
| **CURE MD CORPORATION;** | § | |
| **ECLINICAL WORKS; ECLIPSYS** | § | |
| **CORPORATION; E-MD'S, INC.; EPIC** | § | |
| **SYSTEMS CORPORATION d/b/a** | § | |
| **EPIC COMPUTER SYSTEMS** | § | |
| **CORPORATION; GREENWAY** | § | |
| **MEDICAL TECHNOLOGIES, INC.;** | § | |
| **MEDENT COMMUNITY COMPUTER** | § | |
| **SERVICE, INC.; MEDFLOW, INC.;** | § | |
| **MEDICAL INFORMATION** | § | |
| **TECHNOLOGY, INC. d/b/a** | § | |
| **MEDITECH; MEDLINK** | § | |
| **INTERNATIONAL; MEDPLEXUS,** | § | |
| **INC.; NOTEWORTHY MEDICAL** | § | |
| **SYSTEMS, INC.; OMNI MD;** | § | |
| **PLATO HEALTH SYSTEMS, LTD.;** | § | |
| **INFOR-MED MEDICAL** | § | |
| **INFORMATION SYSTEMS, INC.;** | § | |
| **PULSE SYSTEMS, INC.; SAGE** | § | |
| **SOFTWARE HEALTHCARE, LLC** | § | |
| **f/k/a EMDEON PRACTICE** | § | |
| **SERVICES, INC.; DR. OATES** | § | |
| **COMPUTER SYSTEMS, INC. d/b/a** | § | |
| **SOAPWARE, INC.;** | § | |
| **ASMAKTA, LTD.; VISIONARY** | § | |
| **MEDICAL SYSTEMS, INC.** | § | |
| | § | |
| *Defendants.* | § | |

## ORIGINAL COMPLAINT

For its Complaint against Defendants AllscriptsMisys Healthcare Solutions, Inc.; Athenahealth, Inc.; Cerner Corporation; Cure MD Corporation; Eclinical Works; Eclipsys Corporation; E-MD's, Inc.; Epic Systems Corporation d/b/a Epic Computer Systems Corporation; Greenway Medical Technologies, Inc.; Medent Community Computer Service, Inc.; Medflow, Inc.; Medical Information Technology, Inc. d/b/a Meditech; Medlink International; Medplexus, Inc.; Noteworthy Medical Systems, Inc.; Omni MD; Plato Health Systems, Ltd.; Infor-Med Medical Information Systems, Inc.; Pulse Systems, Inc.; Sage Software Healthcare, LLC f/k/a Emdeon Practice Services, Inc.; Soapware, Inc.; Asmakta, Ltd.; Visionary Medical Systems, Inc., Plaintiff Prompt Medical Systems, L.P., alleges as follows:

## Nature of this Action

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## The Parties

2.    Plaintiff Prompt Medical Systems, L.P. ("Prompt") is a limited partnership organized and existing under the laws of the State of Texas.

3.    Defendant AllscriptsMisys Healthcare Solutions, Inc. ("Allscripts") is a corporation organized and existing under the laws of the State of Delware with its principal place of business at 222 Merchandise Mart Plaza, Suite 2024, Chicago, Illinois 60654.  Allscripts may be served through its registered agent, Corporation Trust Company, at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.    Defendant Athenahealth, Inc. ("Athenahealth") is a corporation organized and existing under the laws of the State of Delware with its principal place of business at 311 Arsenal Street, Watertown, Massachusetts 02472-2785.    Athenahealth may be served through its registered

agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

5.   Defendant Cerner Corporation ("Cerner") is a corporation organized and existing under the laws of the State of Delware with its principal place of business at 2800 Rockcreek Parkway, Kansas City, Missouri 64117.   Cerner may be served through its registered agent, C T Corporation System, at 350 N. St. Paul Street, Dallas, Texas 75201.

6.   Defendant CureMD.com, Inc. ("Cure MD") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 55 Broad Street, New York, NY 10004.  Cure MD may be served at 55 Broad Street, 9th Floor, New York, NY 10004.

7.   Defendant Eclinical Works, LLC ("Eclinical") is a limited liability company organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 33 Farmington Drive, Shrewsbury, MA 01545.  Eclinical may be served through its registered agent, Corporation Service Company, at 84 State Street, Boston, MA 02109.

8.   Defendant Eclipsys Corporation ("Eclipsys") is a corporation organized and existing under the laws of the State of Delware with its principal place of business at 1750 Clint Moore Road, Boca Raton, Florida 33487.  Eclipsys may be served through its registered agent, National Registered Agents, Inc., at 16055 Space Center, Suite 235, Houston, Texas 77062.

9.   Defendant E-MD's, Inc. ("E-MD") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 9900 Spectrum Drive, Austin, Texas 78717.  E-MD may be served through its registered agent, West Short, at 313 W.10th Street, Georgetown, Texas 78626.

10. Defendant Epic Systems Corporation d/b/a Epic Computer Systems Corporation ("Epic") is a corporation organized and existing under the laws of the State of Wisconsin with its principal

place of business at 1979 Milky Way, Verona, Wisconsin 53593. Epic may be served through its registered agent, National Registered Agents, Inc., at 16055 Space Center, Suite 235, Houston, Texas 77062.

11. Defendant Greenway Medical Technologies, Inc. ("Greenway") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 121 Greenway Blvd., Carrollton, Georgia 30117. Greenway may be served through its registered agent, William G. Esslinger, Jr. Esq., at 121 Greenway Blvd., Carrollton, Georgia 30117.

12. Defendant Medent Community Computer Service, Inc. ("Medent") is a corporation organized and existing under the laws of the State of New York with its principal place of business at Auburn, New York 13021, P.O. Box 980. Medent may be served through at 15 Hulbert Street, Auburn, NY 13021.

13. Defendant Medflow, Inc. ("Medflow") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 6739A Fairview Toad, Charlotte, North Carolina 28210. Medflow may be served through its registered agent, Dominic J. Riggi, at 11915 Austin Ct., Mint Hill, North Carolina 28227.

14. Defendant Medical Information Technology, Inc. d/b/a Meditech ("Meditech") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at MEDITECH Circle, Westwood, Massachusetts 02090. Meditech may be served through its registered agent, Shannon M. Connell, at MEDITECH Circle, Westwood, Massachusetts 02090.

15. Defendant Medlink International, Inc. ("Medlink") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 11 Oval

Drive Suite 200B, Islandia, New York 11749. Medlink may be served at 1 Roebling Court, Ronkonkoma, NY 11779.

16. Defendant Medplexus, Inc. ("Medplexus") is a corporation organized and existing under the laws of the State of California with its principal place of business at 1263 Oakmead Pkwy. Fl. 2, Sunnyvale, California 94085-4000. Medplexus may be served through its registered agent, Prabhakar Muppidi, at 1263 Oakmead Pkwy., Sunnyvale, California 94085.

17. Defendant Noteworthy Medical Systems, Inc. ("Noteworthy") is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cleveland, Ohio. Noteworthy may be served through its registered agent, Kathy E. Ruekberg, at 6001 Landerhaven Drive, Unit D, Mayfield Heights, OH 44124.

18. Defendant Integrated Management Systems, Inc. d/b/a Omni MD ("Omni MD") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 303 South Broadway, Suite 101, Tarrytown, NY 10591. Omni MD may be served at 303 South Broadway, Suite 101, Tarrytown, NY 10591.

19. Defendant Plato Health Systems, Ltd. ("Plato") has its principal place of business at 515 S. Flower Street, 36th Floor, Los Angeles, California 90071. Plato may be served at 515 S. Flower Street, 36th Floor, Los Angeles, California 90071.

20. Defendant Infor-Med Medical Information Systems, Inc. ("Infor-Med") is a corporation organized and existing under the laws of the State of California with its principal place of business at 7108 De Soto Avenue, Suite 206, Canoga Park, California 91303. Infor-Med may be served at 7108 De Soto Avenue, Suite 206, Canoga Park, California 91303.

21. Defendant Pulse Systems, Inc. ("Pulse") is a corporation organized and existing under the laws of the State of Kansas with its principal place of business at 3017 North Cypress, Wichita,

Kansas 67226. Pulse may be served through its registered agent, Alif Hourani, at 2959 N. Rock Rd. Ste 400, Wichita, Kansas 67226.

22. Defendant Sage Software Healthcare, LLC f/k/a Emdeon Practice Services, Inc. ("Sage") is a limited liability company organized and existing under the laws of the State of Delware with its principal place of business at 4301 W. Boy Scout Blvd, Suite 800, Tampa, Florida 33607. Sage may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

23. Defendant Dr. Oates Computer Systems, Inc. d/b/a Soapware, Inc. ("Soapware") is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business at 4220 N. Crossover Rd., Fayetteville, Arkansas 72703. Soapware may be served through its registered agent, Randall Oates, at 4220 Crossover Road, Fayetteville, AR 72701.

24. Defendant Asmakta, Ltd. ("Asmakta") is a corporation organized and existing under the laws of the State of Illinois with its principal place of business at 8170 McCormick Blvd, Suite 107, Skokie, Illinois 60076. Asmakta may be served through its registered agent, Eric M. Schudy, at 64 Old Orchard 518, Skokie, IL 60077.

25. Defendant Visionary Medical Systems, Inc. ("Visionary") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 5600 Mariner St, Suite 227, Tampa, FL 33609. Visionary may be served through its registered agent, Karren A. Wilson Esq., at 5600 Mariner Street 227, Tampa, Florida 33609.

## **Jurisdiction and Venue**

26. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

27. This Court has personal jurisdiction over Allscripts because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Allscripts based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

28. This Court has personal jurisdiction over Athenahealth because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Athenahealth based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

29. This Court has personal jurisdiction over Cerner because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Cerner based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

30. This Court has personal jurisdiction over Cure MD because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Cure MD based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

31. This Court has personal jurisdiction over Eclinical because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Eclinical based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

32. This Court has personal jurisdiction over Eclipsys because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Eclipsys based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

33. This Court has personal jurisdiction over E-MD because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over E-MD based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

34. This Court has personal jurisdiction over Epic because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Epic based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

35. This Court has personal jurisdiction over Greenway because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Greenway based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

36. This Court has personal jurisdiction over Medent because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Medent based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

37. This Court has personal jurisdiction over Medflow because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Medflow based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

38. This Court has personal jurisdiction over Meditech because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Meditech based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

39. This Court has personal jurisdiction over Medlink because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Medlink based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

40. This Court has personal jurisdiction over Medplexus because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Medplexus based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

41. This Court has personal jurisdiction over Noteworthy because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Noteworthy based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

42. This Court has personal jurisdiction over Omni MD because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction

over Omni MD based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

43. This Court has personal jurisdiction over Plato because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Plato based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

44. This Court has personal jurisdiction over Infor-Med because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Infor-Med based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

45. This Court has personal jurisdiction over Pulse because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Pulse based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

46. This Court has personal jurisdiction over Sage because it transacts business within this District and elsewhere in the State of Texas and has appointed an agent for service of process in Texas. Further, this Court has personal jurisdiction over Sage based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

47. This Court has personal jurisdiction over Soapware because it transacts business within this District and elsewhere in the State of Texas. Further, this Court has personal jurisdiction over Soapware based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

48. This Court has personal jurisdiction over Asmakta because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Asmakta based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

49. This Court has personal jurisdiction over Visionary because it transacts business within this District and elsewhere in the State of Texas.  Further, this Court has personal jurisdiction over Visionary based on its commission of one or more acts of infringement of Prompt's patent in this District and elsewhere in the State of Texas.

50. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Patent Infringement

51. Plaintiff re-alleges and incorporates by reference herein the allegations contained in the preceding paragraphs of the Complaint.

52. On January 9, 1996, U.S. Patent No. 5,483,443 ("the '443 patent"), entitled "Method for Computing Current Procedural Terminology Codes from Physician Generated Documentation," was duly and legally issued by the United States Patent & Trademark Office.  On April 8, 1994, the application which issued as the '443 patent was filed with the U.S. Patent & Trademark Office.  A true and correct copy of the '443 patent is attached as Exhibit "A" to this Complaint.

53. Prompt owns the entire right, title and interest of the '443 patent including the right to seek damages for all past infringements.

54. Allscripts has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EHR and/or other products.

55. Allscripts will continue to infringe the '443 patent unless and until it is enjoined by the Court.

56. Allscripts has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Allscripts is enjoined from infringing the '443 patent.

57. AthenaHealth has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, AthenaClinicals and/or other products.

58. AthenaHealth will continue to infringe the '443 patent unless and until it is enjoined by the Court.

59. AthenaHealth has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until AthenaHealth is enjoined from infringing the '443 patent.

60. Cerner has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

61. Cerner will continue to infringe the '443 patent unless and until it is enjoined by the Court.

62. Cerner has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Cerner is enjoined from infringing the '443 patent.

63. Cure MD has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EHR and/or other products.

64. Cure MD will continue to infringe the '443 patent unless and until it is enjoined by the Court.

65. Cure MD has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Cure MD is enjoined from infringing the '443 patent.

66. Eclinical has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

67. Eclinical will continue to infringe the '443 patent unless and until it is enjoined by the Court.

68. Eclinical has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Eclinical is enjoined from infringing the '443 patent.

69. Eclipsys has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, Medinotes and/or other products.

70. Eclipsys will continue to infringe the '443 patent unless and until it is enjoined by the Court.

71. Eclipsys has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Eclipsys is enjoined from infringing the '443 patent.

72. E-MD has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

73. E-MD will continue to infringe the '443 patent unless and until it is enjoined by the Court.

74. E-MD has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until E-MD is enjoined from infringing the '443 patent.

75. Epic has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EpicCare EMR and/or other products.

76. Epic will continue to infringe the '443 patent unless and until it is enjoined by the Court.

77. Epic has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Epic is enjoined from infringing the '443 patent.

78. Greenway has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EHR Primesuite and/or other products.

79. Greenway will continue to infringe the '443 patent unless and until it is enjoined by the Court.

80. Greenway has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Greenway is enjoined from infringing the '443 patent.

81. Medent has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

82. Medent will continue to infringe the '443 patent unless and until it is enjoined by the Court.

83. Medent has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Medent is enjoined from infringing the '443 patent.

84. Medflow has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

85. Medflow will continue to infringe the '443 patent unless and until it is enjoined by the Court.

86. Medflow has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Medflow is enjoined from infringing the '443 patent.

87. Meditech has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, MPM and/or other products.

88. Meditech will continue to infringe the '443 patent unless and until it is enjoined by the Court.

89. Meditech has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Meditech is enjoined from infringing the '443 patent.

90. Medlink has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

91. Medlink will continue to infringe the '443 patent unless and until it is enjoined by the Court.

92. Medlink has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Medlink is enjoined from infringing the '443 patent.

93. Medplexus has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, Medplexus EHR and/or other products.

94. Medplexus will continue to infringe the '443 patent unless and until it is enjoined by the Court.

95. Medplexus has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Medplexus is enjoined from infringing the '443 patent.

96. Noteworthy has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, NetPractice EHR and/or other products.

97. Noteworthy will continue to infringe the '443 patent unless and until it is enjoined by the Court.

98. Noteworthy has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Noteworthy is enjoined from infringing the '443 patent.

99. Omni MD has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR and/or other products.

100. Omni MD will continue to infringe the '443 patent unless and until it is enjoined by the Court.

101. Omni MD has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Omni MD is enjoined from infringing the '443 patent.

102. Plato has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by

making, using, offering for sale, and/or selling, without limitation, Platocode and/or other products.

103.    Plato will continue to infringe the '443 patent unless and until it is enjoined by the Court.

104.    Plato has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Plato is enjoined from infringing the '443 patent.

105.    Infor-Med has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, Praxis EMR and/or other products.

106.    Infor-Med will continue to infringe the '443 patent unless and until it is enjoined by the Court.

107.    Infor-Med has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent. Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Infor-Med is enjoined from infringing the '443 patent.

108.    Pulse Systems has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EHR and/or other products.

109.    Pulse Systems will continue to infringe the '443 patent unless and until it is enjoined by the Court.

110.    Pulse Systems has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Pulse Systems is enjoined from infringing the '443 patent.

111.    Sage has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EHR and/or other products.

112.    Sage will continue to infringe the '443 patent unless and until it is enjoined by the Court.

113.    Sage has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Sage is enjoined from infringing the '443 patent.

114.    Soapware has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, EMR Professional and/or other products.

115.    Soapware will continue to infringe the '443 patent unless and until it is enjoined by the Court.

116.    Soapware has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Soapware is enjoined from infringing the '443 patent.

117.     Asmakta has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, Therapy Office EMR and/or other products.

118.     Asmakta will continue to infringe the '443 patent unless and until it is enjoined by the Court.

119.     Asmakta has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Asmakta is enjoined from infringing the '443 patent.

120.     Visionary has been and currently is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '443 patent in the United States by making, using, offering for sale, and/or selling, without limitation, Dream EHR and/or other products.

121.     Visionary will continue to infringe the '443 patent unless and until it is enjoined by the Court.

122.     Visionary has caused and will continue to cause Prompt irreparable injury and damage by infringing the '443 patent.  Prompt will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Visionary is enjoined from infringing the '443 patent.

## **Jury Trial Demand**

123.     Pursuant to Federal Rule of Civil Procedure 38, Prompt hereby demands a jury trial on all issues so triable.

## **Prayer for Relief**

WHEREFORE, Prompt respectfully requests this Court enter judgment:

      a.   that each of the defendants has infringed the '443 patent;

      b.   permanently enjoining each of the defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with any of them, from infringing the '443 patent;

      c.   awarding Prompt its damages in amounts sufficient to compensate it for each of the defendants' infringement of the '443 patent, together with prejudgment and post judgment interest and costs, pursuant to 35 U.S.C. § 284; and

      d.   awarding Prompt such other and further relief as this Court deems just and proper.

Respectfully submitted,

MehaffyWeber, P.C.


/s/ Ernest W. Boyd
Ernest W. Boyd
Attorney-in-Charge
State Bar No. 00783694
butchboyd@mehaffyweber.com
Eric M. Adams
State Bar No. 24031686
ericadams@mehaffyweber.com
Corey J. Seel
State Bar No. 24037465
coreyseel@mehaffyweber.com
MehaffyWeber, P.C.
500 Dallas, Suite 1200
Houston, Texas  77002
Telephone:  (713) 655-1200
Facsimile:  (713) 655-0222


Andy Tindel
State Bar No. 20054500
atindel@andytindel.com
Provost Umphrey Law Firm, LLP
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909


**Counsel for Plaintiff**
**PROMPT MEDICAL SYSTEMS, L.P.**