IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PROMPT MEDICAL SYSTEMS, L.P., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 6:10-CV-71 |
| | § | PATENT CASE |
| ALLSCRIPTSMISYS HEALTHCARE | § | |
| SOLUTIONS, INC., et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendants' Motions to Dismiss are before the Court (Docket Nos. 69, 78, 89, 152). Defendants move to dismiss Prompt's claims for direct and indirect infringement and for injunctive relief. Having considered the parties' written submissions, the Court **GRANTS** the motions in part and **DENIES** the motions in part.

Prompt's identification of EHR or EMR products satisfies Form 18's requirements. *See* FED. R. CIV. P. Form 18 (identifying "electric motors"). However, Prompt's identification of "and/or other products" does not inform Defendants as to what other products are accused. The Court **GRANTS** the motions as to this issue. The Court otherwise **DENIES** the motions as to Prompt's direct infringement claims. Prompt's indirect infringement claims are insufficient to put Defendants on notice as to what they must defend. Accordingly, the Court **GRANTS** the motions as to these claims. Rather than dismissing Prompt's claims, the Court **ORDERS** Prompt to replead within

1

fourteen days to comply with Rule 8.[1]

Some Defendants also move to dismiss Prompt's seeking of injunctive relief. Defendants contend that as a non-practicing entity Prompt is not eligible for injunctive relief under *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). The Court will determine whether Prompt is entitled to injunctive relief if it is determined that Defendants infringe Prompt's patent. Defendants also contend that Prompt must more fully plead each of the *eBay* factors under Rule 8. However, Defendants have provided no authority that an injunction—which is a remedy and not a cause of action—must be pleaded with more specific facts. Prompt's request for an injunction satisfies Form 18. Accordingly, the Court **DENIES** Defendants' motions as to the injunctive relief.

The Court notes that Prompt has already served its Patent Rule 3-1 disclosures. *See* Docket No. 184. Rule 3-1 disclosures are far more detailed than Rule 8's pleading requirements. Thus, before the Court ruled on this motion, Defendants had already received greater specificity than what they sought in this motion, rendering this motion superfluous for all practical purposes. The Court strongly encourages the parties to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance.

**So ORDERED and SIGNED this 11th day of February, 2011.**



       **LEONARD DAVIS**
       **UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that Prompt is in the process of settling its claims with certain Defendants, and the Court has stayed discovery deadlines as to those Defendants. The Court stays the effect of this order as to those Defendants for so long as discovery is stayed.